IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALFONSO DOUGLAS KRAFT, :
:
    Plaintiff, :
:
v. : Civil Action No. 16-1186-RGA
:
OFFICE OF CHIEF COUNSEL :
DIVISION OF VETERANS AFFAIRS :
NORTH ATLANTIC DISTRICT-NORTH, :
:
    Defendant. :

Alfonso Douglas Kraft, Smyrna, Delaware; Pro Se Plaintiff.

David C. Weiss, Acting United States Attorney and Laura D. Hatcher, Assistant United States Attorney, District of Delaware, Wilmington, Delaware, Counsel for Defendant.

**<u>MEMORANDUM OPINION</u>**

February 9, 2018
Wilmington, Delaware

*Ruhard G Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Alfonso Douglas Kraft, who proceeds *pro se*, filed this action on December 14, 2016. (D.I. 1). Before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1) or, in the alternative, Rule 12(b)(6). (D.I. 6). Briefing on the matter is complete.

## BACKGROUND

On February 2, 2016, Plaintiff filed an action in this Court against the VA Hospital in Elsmere, Delaware, *Kraft v. VA Hosp.*, Civ. No. 16-060-SLR ("Civ. No. 16-060-SLR"). The Complaint was filed on a Standard Form 95 – Claim for Damage, Injury, or Death, a form used to lodge an administrative tort claim against a federal agency under the Federal Tort Claims Act. It alleged Plaintiff was injured on February 4, 2014, during his hospitalization at the VA Hospital. Civ. No. 16-060-SLR was dismissed on May 31, 2016, after Plaintiff failed to comply with an order to file a responsive brief to the VA Hospital's motion to dismiss. *See* Civ. No. 16-060-SLR at D.I. 7.

Plaintiff commenced this action on December 14, 2016. (D.I. 1). While not clear, it appears that he once again raises a claim for his injuries as a result of the February 4, 2014 incident at the VA Hospital. Or, the Complaint could be construed as seeking veterans benefits. The Complaint states that venue is proper in this district "because the situation happened at VA Hospital, Elsmere, Delaware." (*Id.* at ¶ III. Venue). The Complaint states that Plaintiff has "all proof from Drs, also, V.P. Biden's Veteran Rep got my 100% along with Prof. Thomas Reed from Widener Law School who rep. me in all my case [sic] against the VA Hospital and proves that they are in the illegal area for

1

not paying my bills and changing my VA Representative which tries to change my benefits illegally." (*Id.* at ¶ IV. Statement of Claim). There is no prayer for relief.

In moving for dismissal, Defendant explains that as part of the Department of Justice's routine administrative procedures during the pendency of Civ. No. 16-060-SLR, a copy of the complaint was forwarded to its Civil Division, Torts Branch, Federal Tort Claims Act Staff, in Washington, D.C. Because the complaint was filed on a SF-95 form, it was treated as an administrative claim submitted to the incorrect agency, rather than the complaint Plaintiff had filed in federal court. As a result, the Torts Branch sent Plaintiff a letter on April 7, 2016 informing him that his "administrative tort claim dated February 1, 2016, which [he] submitted to the Department of Justice" had been forwarded to the appropriate agency. (D.I. 6 at Ex. B). Contemporaneously, by copy of that letter, the Torts Branch delivered the SF-95 to the Department of Veterans Affairs. (*See Id.*) The Department of Veterans Affairs received the letter on April 12, 2016. (*See id.* at Ex. A, ¶ 4, Ex. B). On May 3, 2016, the Department of Veterans Affairs acknowledged receipt of Plaintiff's administrative claim and advised Plaintiff that it would be processed under the provisions of the FTCA. (D.I. 8 at p.22)

In early December 2016, Plaintiff contacted Paul Kranick, the Department of Veterans Affairs staff attorney who had been assigned to investigate Plaintiff's administrative claim and inquired about the status of his administrative claim. (*Id.* at Ex. A at ¶ 5). Plaintiff was advised that the administrative claim may not have been timely submitted to the VA, that if it had been more than six months since Plaintiff submitted the claim it could be deemed denied and he could file suit in court, or otherwise, the

2

claim would be subject to further review and would be reviewed in sequential order. (*Id.* at ¶ 5). As noted, Plaintiff commenced this action on December 14, 2016.

Defendant moves for dismissal (D.I. 6) pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Rule 12(b)(6) on the grounds that: (1) the Court lacks subject matter jurisdiction if this is a claim seeking a review of denial of veterans benefits; and, in the alternative, (2) the claim is time-barred if this is a claim seeking to recover for injuries Plaintiff sustained while hospitalized at the VA Hospital in February 2014. Plaintiff opposes the motion and submitted a number of exhibits in support of his position.

## LEGAL STANDARDS

Rule 12(b)(1) allows for dismissal where the court lacks subject matter jurisdiction over an action. Motions brought under Rule 12(b)(1) may raise either a facial or factual challenge to the court's jurisdiction. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Factual attacks allow the court to delve beyond the pleadings to determine if the evidence supports the court's subject matter jurisdiction. *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1997). The party asserting subject matter jurisdiction bears "the burden of proof that jurisdiction does in fact exist." *Id.*

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds

3

*pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether

4

a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**Veterans Benefits**

To the extent the Complaint seeks review of a change or denial in veterans benefits, this Court lacks subject matter jurisdiction. Plaintiff served his Complaint upon the Department of Veterans Affairs, Office of the Chief Counsel. The Complaint speaks of changing his benefits "illegally," and Plaintiff's opposition to the motion to dismiss contains documents where he states there is "illegal tampering with [his] veterans benefits to decrease [his] 100%." (D.I. 8 at pp.11, 13).

The Veterans Judicial Review Act sets out a limited procedure for judicial review of decisions made by the Department of Veterans' Affairs. *See* 38 U.S.C. § 511(a). First, the veteran must seek review within the agency by filing a notice of disagreement with the Board of Veterans Appeals. *See* 38 U.S.C. § 7105(a). An appeal from the decision of the Board can only be taken to the Court of Appeals for Veterans Claims, which has exclusive jurisdiction over appeals from decisions of the Board of Veterans' Appeals. *See* 38 U.S.C. § 7252(a). In addition, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions from the Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7292(b). Thus, to the extent Plaintiff seeks review of a decrease or denial in VA benefits, this Court cannot exercise subject matter jurisdiction over his claim. *See Fleming v. U.S. Veterans Admin.* Med. Centers, 348 F. App'x 737, 739 (3d Cir. 2009).

The Court lacks subject matter jurisdiction to the extent Plaintiff raises claims seeking review of a change or denial in VA benefits. Therefore, the Court will grant Defendant's motion to dismiss pursuant to Rule 12(b)(1).

**Federal Tort Claims Act**

To the extent Plaintiff renews the claim for injuries he sustained while hospitalized at the VA Hospital in February 2014, the claim is governed by the Federal Tort Claims Act ("FTCA"), which allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. *See* 28 U.S.C. §§ 1346(b), 2674, 2675(a). Defendant moves for dismissal on the grounds Plaintiff failed to timely exhaust his administrative remedies prior to filing suit. (D.I. 6) A ruling on the basis that a claim is time-barred is a non-jurisdictional basis for dismissal. *See United States v. Kwai Fun Wong*, __ U.S. __, 135 S.Ct. 1625, 1638 (2015) (holding "the FTCA's time bars are nonjurisdictional"). Accordingly, the appropriate standard for dismissal falls under the ambit of Rule 12(b)(6).

Defendant has submitted matters outside the pleadings in moving for dismissal of the FTCA claims as time-barred. The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). The Court will consider the matters outside the pleadings. Therefore, the motion will be treated as one for summary judgment, and Plaintiff will be given additional time to respond to this claim. Defendant will be allowed to file a reply.

## CONCLUSION

Based upon the above discussion, the Court will grant Defendant's motion to dismiss the complaint to the extent Plaintiff seeks review of a change or denial in veterans benefits. (D.I. 6). The Court will convert the motion to dismiss the FTCA claims for injuries sustained in February 2014 to a motion for summary judgment.

An appropriate order will be entered