IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALFONSO DOUGLAS KRAFT, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 16-1186-RGA |
| OFFICE OF CHIEF COUNSEL : | |
| DIVISION OF VETERANS AFFAIRS : | |
| NORTH ATLANTIC DISTRICT-NORTH, : | |
| Defendant. : | |

Alfonso Douglas Kraft, Smyrna, Delaware; Pro Se Plaintiff.

David C. Weiss, United States Attorney and Laura D. Hatcher, Assistant United States Attorney, District of Delaware, Wilmington, Delaware; Counsel for Defendant.

**MEMORANDUM OPINION**

March 13, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Alfonso Douglas Kraft, who proceeds *pro se*, filed this action on December 14, 2016. (D.I. 1). Before the Court is Defendant's Motion for Summary Judgment.[1] (D.I. 6). Briefing on the matter is complete.

## BACKGROUND

On February 2, 2016, Plaintiff filed an action in this Court against the VA Hospital in Elsmere, Delaware, *Kraft v. VA Hosp.*, Civ. No. 16-060-SLR ("Civ. No. 16-060-SLR"). The Complaint, dated February 1, 2016, was filed on a Standard Form 95 – Claim for Damage, Injury, or Death ("SF-95"), a form used to lodge an administrative tort claim against a federal agency under the Federal Tort Claims Act ("FTCA"). Civ. No. 16-060-SLR at D.I. 1. It alleged Plaintiff was injured on February 4, 2014, during his hospitalization at the VA Hospital. Civ. No. 16-060-SLR was dismissed on May 31, 2016, after Plaintiff failed to comply with an order to file a responsive brief to the VA Hospital's motion to dismiss. *See* Civ. No. 16-060-SLR at D.I. 7.

Plaintiff commenced this action on December 14, 2016. (D.I. 1). It appears that Plaintiff reasserts his claim for injuries as a result of the February 4, 2014 incident at the VA Hospital pursuant to the FTCA, similar to the claim raised in Civ. No. 16-060-SLR.

---

[1] On February 9, 2018, the Court granted Defendant's Motion to Dismiss as it related to Plaintiff's claim for review of a change to, or denial in, veterans benefits. (D.I. 11, 12). To the extent Plaintiff attempted to assert tort claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, 2675(a), the Court converted the Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(d), to a Motion for Summary Judgment given that Defendant submitted matters outside the pleadings. (*See* D.I. 11 at p.6, D.I. 12). The parties were given additional time to submit argument and evidence why summary judgment should not be granted based on a time bar. (D.I. 12).

1

In support of its motion, Defendant filed the declaration of Paul L. Kranick whose duties include oversight and administration of tort claims filed against the United States Department of Veterans Affairs with the Philadelphia Office of District Counsel. (D.I. 6-1). Kranick reviewed the agency's administrative tort claim files which include any claims filed against the Wilmington VA Medical Center. (*Id.* at ¶ 3). Kranick states that Plaintiff did not file an SF-95 for any alleged injury sustained at any time at the Wilmington VA Medical Center prior to filing the complaint in Civ. No. 16-060-SLR. (*Id.*) Nor did Plaintiff submit an SF-95 to the Department of Veterans Affairs once Civ. No. 16-060-SLR was dismissed on May 31, 2016. (*Id.*).

On February 10, 2016, the United States Attorney's Office for the District of Delaware wrote to Plaintiff to advise him that it had learned from the Civ. No. 16-060-SLR Court docket that Plaintiff had filed an SF-95 form on February 2, 2016, and that it was docketed as a "Complaint." (D.I. 16 at Ex. A). The letter advised Plaintiff that he could serve the SF-95 on the VA by delivering it to the VA hospital in Elsmere, if he wished to initiate its administrative consideration of his claim, but that the SF-95 must be timely presented. (*Id.*). On an unknown date, but sometime after Plaintiff commenced Civ. No. 16-060-SLR on February 2, 2016, the United States Attorney's Office for the District of Delaware forwarded the SF-95 form (dated February 1, 2016) filed as the complaint in Civ. No. 16-060-SLR, to the United States Department of Justice, Civil Division, Torts Branch, Federal Tort Claims Act Staff in Washington, D.C. It received the SF-95 form on March 6, 2016. (D.I. 6-2). On April 7, 2016, the Civil Division Torts Branch of the U.S. Department of Justice sent Plaintiff a letter informing

2

him that his "administrative tort claim dated February 1, 2016, which [he] submitted to the Department of Justice" had been forwarded to the Department of Veterans Affairs, the appropriate agency. (D.I. 6-2). The Department of Veterans Affairs received the letter on April 12, 2016. (*See* D.I. 6-1 at ¶ 4; 6-2). On May 3, 2016, the Department of Veterans Affairs acknowledged receipt of Plaintiff's administrative claim and advised Plaintiff that it would be processed under the provisions of the FTCA. (D.I. 8 at p.22). Plaintiff commenced this action on December 14, 2016.

## STANDARDS OF LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986).

## DISCUSSION

Defendant moves for summary judgment on the grounds that the claim is time-barred if Plaintiff seeks to recover for injuries he sustained in February 2014 when he was hospitalized at the VA Hospital. (D.I. 6). Plaintiff submitted his voluminous medical record in opposition to Defendant's motion and argues that the documents are

3

verification that the VA Elsmere did not investigate his case correctly and gave an unjust ruling on his case. (D.I. 13, 14). Plaintiff states that he "sent all proper forms to them and they lied." (*Id.*) Plaintiff's opposition does not address whether he timely submitted his administrative claim.

To the extent Plaintiff renews the claim for injuries he sustained while hospitalized at the VA Hospital in February 2014, the claim is governed by the FTCA, which allows a plaintiff to seek damages from the United States for certain torts committed by federal employees. *See* 28 U.S.C. §§ 1346(b), 2674, 2675(a). The FTCA requires a claimant to first file an administrative claim with the relevant federal agency and have his claim denied or deemed denied before the claimant is permitted to file suit in court. *See* 28 U.S.C. §§ 2674, 2675(a). The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Plaintiff was injured on February 4, 2014 and, by statute, was required to present his claim to the Department of Veterans Affairs on or before February 4, 2016. As set forth in Kranick's declaration, Plaintiff never filed an SF-95 form for the injuries he sustained at the VA Hospital in February 2014. (D.I. 6-1). Instead, Plaintiff filed a civil action in this Court on February 2, 2016, using the SF-95 form. That SF-95 form was

forwarded[2] by the United States Attorney's Office for the District of Delaware to the United States Department of Justice, Civil Division, Torts Branch, Federal Tort Claims Act Staff in Washington, D.C. who received the SF-95 form on March 6, 2016. In turn, the Civil Division Torts Branch of the U.S. Department of Justice forwarded the form to the Department of Veterans Affairs. It received the SF-95 form on April 12, 2016.

The undisputed evidence of record is that, rather than present his administrative claim to the appropriate federal agency, or even to an inappropriate federal agency, Plaintiff commenced a civil action in this Court. Plaintiff's failure to present his administrative claim is fatal to this action. Under the FTCA, prior to bringing suit, claimant must first timely present an administrative claim to the appropriate federal agency and that claim must be fully exhausted. 28 U.S.C. § 1675(a); see also Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Plaintiff made no timely administrative claim.

I cannot consider this Court to be a "federal agency." The judicial and legislative branches do not fall within the scope of the term as used in the FTCA's implementing regulations. See 28 C.F.R. §14.1 ("These regulations shall apply only to claims

---

[2] The docket in Civ. No.16-060-SLR does not show any service on any party. It is unclear from the docket in that case how anyone received notice of the lawsuit. It appears, though, from a letter written on February 10, 2016, that the United States Attorney's Office had learned of the lawsuit by that date. (D.I. 16 at Ex. A). The letter suggests, but does not expressly state, that it was not because that Office had actually been served with the lawsuit. There is a letter dated February 17, 2016, in which Plaintiff suggests that the lawsuit was going to be served on the VA on February 3, 2016, but Plaintiff provided nothing, expressly or under oath, stating that any such service was actually made. (Id. at Ex. C). Because there is nothing in this record and Plaintiff did not file a return of service of summons in Civ. No. 16-060-SLR, the Court cannot determine when, or if, the VA Hospital was served in Civ. No. 16-060-SLR.

5

asserted under the Federal Tort Claims Act. The terms *Federal agency* and *agency* . . . include the executive departments, the military departments, independent establishments of the United States . . . ."). In the alternative, if I were to consider this Court to be a federal agency, the Regulations provide that if an administrative claim is presented to a federal agency whose activities did not give rise to the claim, that agency shall transfer the claim forthwith to the appropriate agency if the agency can be identified from the claim, or return the claim to the claimant if transfer is not feasible. *See* 28 C.F.R. § 14.2(b)(1). *Ahmed v. United States*, 334 F. App'x 512, 513-14 (3d Cir. 2009). Under such circumstances a claim may be deemed "constructively filed." *See Greene v. United States*, 872 F.2d 236, 237 (8th Cir. 1989); *Bukala v. United States*, 854 F.2d 201, 204 (7th Cir. 1988). "Courts permitting constructive filing in the FTCA context have largely been resolving situations where the government's failure to transfer the claim led to the claimant's failure to comply with the FTCA's statute of limitations." *Ahmed*, 334 F. App'x at 514 (citing *Bukala*, 854 F.2d at 204 (permitting constructive filing of complaint with wrong agency where agency did not transfer claim to appropriate agency within the two-year statute of limitations)).

When construing the commencement of Civ. No. 16-060-SLR as a submission to an improper agency, there is no evidence the government acted negligently in its treatment of Plaintiff's claim. The record reflects that in an approximate one month time-frame (during that time Civ. No. 16-060-SLR was filed and served upon the VA Hospital), the United States Attorney's Office for the District of Delaware forwarded the claim to the Civil Division Torts Branch of the U.S. Department of Justice who received

6

it on March 6, 2016. By that time, the two year time-frame to file the administrative claim had passed (*i.e.*, February 4, 2016). "Where one agency of government attempts in a dutiful and timely fashion to transfer a misdelivered claim to the appropriate federal agency and despite due diligence the claim arrives at the proper agency after the two year limitations period has run, the claim will be time-barred." *Bukala*, 854 F.2d at 204; *see also Hart v. Department of Labor ex rel. United States*, 116 F.3d 1338, 1340 (10th Cir. 1997).

In addition, several appellate courts have determined that claimants who wait until the "last minute" or the "eleventh hour" and file with the wrong agency cannot take advantage of constructive filing.[3] *See Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 n.6 (11th Cir. 2013) (holding three days before was the "eleventh hour"); *Hart*, 116 F.3d at 1341 (holding "last possible day" was the "eleventh hour"); *Bukala*, 854 F.2d at 204 n.4; *Flores v. United States*, ___ F. App'x ___, 2018 WL 314876 (5th Cir. Jan. 5, 2018) (four days before). Here, Plaintiff commenced Civ. No. 16-060-SLR on February 2, 2016, two days before the end of the two year time-frame to submit his administrative claim. Numerous courts have held that claims filed with an inappropriate agency insufficiently before the expiration of the limitations period were filed were time barred. *See Martinez v. Minnis*, 257 F. App'x 261, 264 (11th Cir. 2007) (four days before); *Cronauer v. United States*, 394 F. Supp. 2d 93, 101 (D.D.C. 2005) (day before); *Oquendo-Ayala v. United States*, 30 F. Supp. 2d 193, 195-96 (D.P.R. 1998) (eight days before); *Johnson v. United States*, 906 F. Supp. 1100, 1104 (S.D.W.Va. 1995) (last

---

[3] The United States Court of Appeals for the Third Circuit has not spoken to this issue.

possible day); *Massengale v. United States*, 2006 WL 3220333, at *1-2 (D.D.C. Nov. 6, 2006) (twenty-three days before). In commencing Civ. No. 16-060-SLR in this Court a mere two days before the expiration of the two year time-frame to submit an administrative claim, Plaintiff took a risk that the claim would not be transferred to the appropriate agency on time. When "a claimant waits until the eleventh hour to file . . . there is no compelling reason for allowing constructive filing." *Hart*, 116 F.3d at 1341. Plaintiff's claim was untimely presented because it was not sent to an agency, much less an improper agency, and it was filed too close to the end of the two year time-frame.

The undisputed facts leave no conclusion other than that Plaintiff failed to present his administrative claim to the appropriate agency within two years of accrual of his cause of action. The claim is barred, *see* 28 U.S.C. § 2401(b), and, therefore, the Court will grant Defendant's Motion for Summary Judgment as to the claims raised under the FTCA.

## CONCLUSION

Based upon the above discussion, the Court will grant Defendant's Motion for Summary Judgment. (D.I. 6).

An appropriate order will be entered